UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ARTURO SALINAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13-cv-04069 |
| | ) | |
| THE ROCK ISLAND BOATWORKS, INC., | ) | |
| d/b/a JUMER'S CASINO & HOTEL, | ) | |
| RICHARD T. GESIORSKI, MICHAEL L. | ) | |
| MIROUX, and MICHAEL J. | ) | |
| VANDERHYDEN, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Plaintiff Arturo Salinas alleges that on October 16, 2011, Michael Vanderhyden, Michael L. Miroux, and Richard T. Gesiorski unlawfully arrested and detained him. Vanderhyden is employed by Rock Island Boatworks, Inc. d/b/a/ Jumer's Casino & Hotel ("Jumer's"), and Salinas alleges that Jumer's is liable, through the doctrine of *respondeat superior*, for Vanderhyden's actions. Gesiorski and Miroux ("Defendants") are Illinois Gaming Board ("IGB") Agents. Defendants, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move to dismiss Counts III, IV, V, and VI of Salinas's six-count complaint. These counts allege that Defendants falsely imprisoned and arrested Salinas, and seek compensatory damages under Illinois state law and 42 U.S.C. § 1983 ("Section 1983"). Salinas alleges that he suffered damages including, but not limited to, physical and mental pain and suffering, emotional distress, loss of freedom, shame, and harm to his reputation. For the reasons set forth below, the Court DENIES Defendants' Motion to Dismiss, ECF No. 5.

# BACKGROUND

At the motion to dismiss stage, well-pleaded facts alleged in the complaint are taken as true and all inferences are drawn in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Accordingly, the Court rests its decision on the following factual allegations:

After receiving an invitation for a free night's stay, Salinas visited Jumer's on October 16, 2011. Compl. ¶ 6, ECF No. 1-1. Shortly after checking into his room, he went down to the casino area to play Caribbean Stud. *Id.* ¶ 7. Salinas was approached by Vanderhyden, a security guard employed by Jumer's, who identified himself as a casino security officer. *Id.* ¶ 8. Vanderhyden said to Salinas, "on your last visit, you won a lot of money," and requested his ID and social security number. *Id.* When Salinas asked what would happen if he did not comply with the request, Vanderhyden advised that he would be asked to leave. *Id.*

After Salinas started moving toward the exit of the casino, Vanderhyden asked him if he was going to cash in his chips. *Id.* ¶ 9. Salinas asked, "Can I?" and Vanderhyden said that he could. Salinas cashed in his chips at the cashier area and began to walk toward the exit. *Id.* He was then approached again by Vanderhyden, along with Miroux and Gesiorski, who are IGB Agents. *Id.* Without introducing himself as an IGB Agent, Gesiorski requested Salinas's ID, but Salinas told him that he was leaving. Gesiorski requested his ID a second time and Salinas again refused. *Id.* At this point the three men "grabbed Salinas, wrenched his arm behind his back, and placed him in handcuffs." *Id.*

Salinas states that he was in considerable pain after having his hand twisted and wrenched backward. *Id.* ¶ 10. In response to the pain, Salinas kicked the shin of one of the men behind him. *Id.* Salinas was taken to a back room at Jumer's where one of the three men told

2

him that he was going to jail. *Id.* ¶ 11. Salinas was arrested by the Rock Island Police Department for resisting arrest and aggravated assault, and he was taken to the Rock Island County Jail, where he spent the night. *Id.* No charges were filed. *Id.* ¶ 12.

## DISCUSSION

The Federal Rules of Civil Procedure require a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim to relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Seventh Circuit has provided the following standard when considering facts alleged in a Plaintiff's complaint:

> First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). While a district court will dismiss a complaint that fails to state a claim, a court will not dismiss a complaint because of an affirmative defense raised by the defendant in its motion to dismiss. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Such a dismissal under Rule 12(b)(6) would be inappropriate because complaints need not anticipate defenses. *Id.* "Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Id.*

Defendants argue that Counts III, IV, V and VI of Salinas's complaint fail to state claims for false imprisonment or false arrest because Salinas's well pleaded facts support probable cause for his arrest, which constitutes an absolute defense to his allegations. Mem. in Supp. Mot. Dismiss 1, ECF No. 6. Additionally, Defendants argue that qualified immunity shields them from suit for money damages. *Id.* at 7.

## I. Section 1983

Count IV and VI of Salinas's complaint allege that Defendants, acting in their capacity as IGB Agents and under the color of state law, caused Salinas to be arrested and detained without probable cause in violation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution. Salinas sues under Section 1983 which provides that:

> Every person who, under the color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

Salinas alleges that Defendants' actions deprived him of his Fourth Amendment right—as applied to the states through the Fourteenth Amendment—to be free from "unreasonable searches and seizures." Probable cause to arrest is as an absolute defense against a wrongful arrest or false imprisonment claim under Section 1983. *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006).

To determine whether an arrest was unreasonable, a court must first determine when the alleged arrest took place. The Supreme Court states that a person is seized or arrested when an officer "by means of physical force or show of authority terminates or restrains his freedom of movement through means intentionally applied." *Brendlin v. California*, 551 U.S. 249, 254 (2007) (citations omitted) (internal quotation marks omitted).

The parties agree that Salinas was arrested, but disagree about the timing. Salinas contends that the arrest occurred when he was initially restrained by Defendants, prior to kicking one of the Defendants. Mem. in Resp. Mot. Dismiss 3–4, ECF No. 8. Defendants do not clearly indicate the time of arrest, but seem to assume that it occurred after the shin kick. The complaint alleges that prior to the kick, Defendants grabbed Salinas, wrenched his arms behind his back, and placed him in handcuffs. This meets the standard for an arrest or seizure because physical force was applied to Salinas and his freedom of movement was restrained. Thus, the facts alleged in the complaint, taken as true, support the conclusion that the arrest occurred prior to the shin kick.

The next question is whether Salinas has adequately alleged that the arrest was unreasonable—in other words, that the arrest was not supported by probable cause. Probable cause exists when an officer has "reasonably trustworthy information" that is "sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa*, 442 F.3d at 547 (quoting *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998)) (internal quotation marks omitted). Probable cause is evaluated not as "an omniscient observer would perceive" the events but as they would appear "to a reasonable person in the position of the arresting officer." *Id.* Additionally, probable cause must be evaluated as of the time of the arrest. *Payne v. Pauley*, 337 F.3d 767, 776 (7th Cir. 2003). The existence of probable cause depends on "the elements of the predicate criminal offense(s) as defined by state law." *Abbott v. Sangamon Cnty., Ill.*, 705 F.3d 706, 715 (7th Cir. 2013).

Defendants assert that there was probable cause for an arrest when Salinas kicked the shins of one of the Defendants after being handcuffed. Mem. in Supp. Mot. Dismiss 5–7, ECF No. 6. Defendants are correct in that a physical assault can be considered probable cause that a

suspect is resisting arrest in Illinois. *Payne*, 337 F.3d at 776. However, as established earlier, the alleged arrest (when Salinas was handcuffed) preceded the assault, so the assault cannot supply probable cause for the initial arrest. Prior to the arrest, Salinas alleges that Defendants asked for his identification but he refused. Compl. ¶ 9, ECF No. 1-1. Defendants do not explain why this action supported probable cause to place Salinas in handcuffs, or identify the offense for which he was initially arrested. Illinois law does not prohibit "verbally resisting or arguing with a police officer." *People v. McCoy*, 881 N.E.2d 621, 630 (Ill. App. Ct. 2008). Resisting a police officer or obstructing justice requires that a person commit a physical act of resistance or obstruction which impedes, hinders, interrupts, prevents, or delays the performance of the officer's duty. *Id.* Prior to being handcuffed, Salinas does not allege that he physically acted to impede the performance of Defendants' duties. Therefore, the complaint does not establish that the officers had probable cause to arrest Salinas for resisting arrest or obstruction of justice at the time they placed him in handcuffs.

Defendants argue that probable cause for one crime precludes any claim of false arrest, citing *Holmes v. Village of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007). Defendants' reliance on *Holmes* is misplaced. It stands for the proposition that if there is "a reasonable basis for the arrest," a "seizure is justified . . . even if any other ground cited for the arrest was flawed." *Id.* Here, Defendants' argument stumbles on the first part of the *Holmes* analysis: they fail to identify any facts in the complaint that establish a reasonable basis for seizing and handcuffing Salinas.

Taking all well-pleaded facts alleged in the complaint as true and drawing all inferences in Salinas's favor, he states a claim that he was physically restrained and handcuffed prior to kicking one of the Defendants. Although Salinas alleges that he kicked one of the Defendants,

the kick cannot provide probable cause for an arrest that had already occurred. Consequently, Defendants' claim that Salinas affirmatively pleaded facts supporting probable cause is without support and Defendants' motion to dismiss Counts IV and VI on this basis is denied.

## II.  State Law Claims

Count III and V allege a claim against Defendants for false arrest and imprisonment under Illinois law. As Defendants acknowledge, the elements for an Illinois false arrest claim and Section 1983 claim are similar. Mem. in Supp. Mot. Dismiss 4, ECF No. 6. Under Illinois law, "[t]he essential elements of a cause of action for false arrest or false imprisonment are that the plaintiff was restrained or arrested by the defendant, and that the defendant acted without having reasonable grounds to believe that an offense was committed by the plaintiff." *Meerbrey v. Marshall Field & Co., Inc.*, 564 N.E.2d 1222, 1231 (Ill. 1990). For arrests, "reasonable grounds" and "probable cause" are synonymous. *People v. Davis*, 424 N.E.2d 630, 634 (Ill. App. Ct. 1981). Therefore, Defendants' motion to dismiss the state law claims fails for the same reason it fails as to the Section 1983 claims: Defendants have not established that Salinas affirmatively pleaded facts supporting probable cause. Defendants' motion to dismiss the state law claims in Counts III and V is denied.

## III.  Qualified Immunity

Defendants next argue that they are entitled to qualified immunity and, therefore, to dismissal of the charges against them. In the context of false arrest, qualified immunity shields officers from "suit[s] for damages 'if a reasonable officer could have believed [an arrest] to be lawful, in light of clearly established law and information the arresting officers possessed.'" *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). Once again, however, Defendants misidentify the critical moment in their encounter with Salinas, focusing on their actions after the shin kick,

7

instead of what happened before Salinas was handcuffed.  Accordingly, this issue has not been adequately briefed, and Defendants' motion to dismiss Counts IV and VI is denied on this basis.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 5, is DENIED.

Entered this 25th day of July, 2014

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
