IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ARTURO SALINAS,<br>    Plaintiff,<br><br>v.<br><br>ROCK ISLAND BOATWORKS, INC., et al.,<br>    Defendants. | Case No. 4:13-cv-04069-SLD-JEH |

**Order**

Now before the Court is the Defendants Richard Gesiorski's and Michael Miroux's Motion to Amend Answers and Affirmative Defenses (Doc. 37). The Plaintiff filed a Resistance to Motion to Amend Answers and Affirmative Defenses (Doc. 38) and for the reasons set forth below, the Motion is DENIED.

**I**

On August 6, 2013, this case was removed to federal court. The Plaintiff's Complaint included a count for false imprisonment and false arrest against Defendant Miroux, a count for violation of 42 U.S.C. § 1983 against Miroux, a count for false arrest and false imprisonment against Defendant Gesiorski, and a count for violation of 42 U.S.C. § 1983 against Gesiorski.[1] On September 2, 2014, Defendant Gesiorski filed his Answer to Complaint and Affirmative Defenses (Doc. 13) and Defendant Miroux filed his Answer to Complaint (Doc. 14). Both Defendants asserted affirmative defenses of qualified immunity, public official immunity, and immunity pursuant to the Local Governmental & Governmental Employees Tort Immunity Act. On October 3, 2014, the Court held a Rule 16

---

[1] Included in the Complaint were additional counts against two other Defendants. However, those two Defendants were dismissed from the case on February 9, 2016 pursuant to a stipulation to dismiss.

Scheduling Conference at which time the deadline to amend pleadings was set for December 1, 2014. On July 21, 2015, the Court extended the discovery and dispositive deadlines and accordingly reset the Final Pretrial Conference and jury trial. The trial was again reset to June 20, 2016. On March 31, 2016, the Court again reset the Final Pretrial Conference and jury trial after counsel for the parties indicated that the new trial setting was not mutually agreeable to the parties. A settlement conference was held on May 17, 2016, but no settlement was reached at that time. This matter currently remains set for Final Pretrial Conference on August 10, 2016 and a jury trial on September 12, 2016. On May 18, 2016, Defendants Gesiorski and Miroux filed their Motion to Amend Answers and Affirmative Defenses.

In their Motion to Amend, the Defendants seek leave to file amended answers and affirmative defenses to add the affirmative defense of sovereign immunity to the Plaintiff's state law claims of false arrest and false imprisonment and to remove the previously-asserted affirmative defense of immunity pursuant to the Local Governmental & Governmental Employees Tort Immunity Act. They argue, in part:

> The Seventh Circuit has held that the State Lawsuit Immunity Act does not deprive the federal courts of subject-matter jurisdiction. *Fields v. Wharrie*, 672 F.3d 505, 518 (7th Cir. 2012); *Rodriguez v. Cook County, Ill.*, 664 F.3d 627, 630-32 (7th Cir. 2011). However, state-law sovereign immunity is still an affirmative defense that can be asserted by a defendant. *Woods v. Cook County, Ill.*, No. 13 C 2607, 2014 WL 340422, *4 (N.D. Ill. Jan. 30, 2014).

(Doc. 37 at pg. 2). The Defendants further argue that their undersigned counsel was assigned to the case in March 2016 and that there will be no prejudice to the Plaintiff if they are allowed to amend because there has been no reduction in the Plaintiff's ability to meet the defense on the merits.

In opposition to the Motion to Amend, the Plaintiff notes that Judge Darrow denied the Defendants' Motion to Dismiss which was brought, in part, on the grounds that Defendants Gesiorski and Miroux were entitled to qualified immunity; Judge Darrow denied the Motion to Dismiss on those grounds. The Plaintiff argues that it has now been almost two years since the Defendants filed their Answers, discovery has closed, and the Defendants failed to raise the issue of sovereign immunity in any way, shape, or form. The Plaintiff further argues that the Defendants missed the deadline to file a motion for summary judgment (January 29, 2016) and thus did not timely request a dismissal on the basis of sovereign immunity. The Plaintiff argues that it is extremely prejudicial to him to assert such a defense at this late date.

## II

The question of whether to allow the Defendants to amend their Answers and Affirmative Defenses at this late stage – after the deadline for amendment of pleadings has expired – must be evaluated under Federal Rule of Civil Procedure 16(b). *See Trustmark Ins. Co. v. General & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005) ("To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause'"); FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for *good cause* and with the judge's consent") (emphasis added); *Mintel Int'l Group, Ltd. v. Neergheen*, 636 F. Supp. 2d 677, 689 (N.D. Ill. 2009) (applying the Rule 16(b) standard where the parties' deadline to amend the pleadings passed nearly two months before the plaintiff filed a motion for leave to amend its complaint to add an additional count); *Winfrey v. Walsh*, 2008 WL 1766600, at *3 (C.D. Ill. Apr. 14, 2008) (applying the Rule 16(b) standard where the parties' deadline to amend the pleadings passed less than one month before the plaintiff filed her motion for leave to amend to plead a medical malpractice case); *and Phillips 66 Pipeline LLC*

3

*v. Rogers Cartage Co.*, 2013 WL 441089, *2 (S.D. Ill. Feb. 5, 2013) (applying the Rule 16(b) standard where the parties' deadline to amend the pleadings passed approximately eight months before the plaintiff sought leave to amend to add a contribution claim).

At this stage of the litigation, the Defendants must show "good cause." *Trustmark Ins. Co.*, 424 F.3d at 553. Good cause requires a showing of diligence by the party seeking the amendment. *Id.* Furthermore, the Seventh Circuit Court of Appeals has explained that many of its decisions hold that "a district court may (though it need not) permit an untimely affirmative defense, provided the plaintiff does not suffer prejudice from the delay." *Global Tech. & Trading, Inc. v. Tech Mahindra Ltd.*, 789 F.3d 730, 731 (7th Cir. 2015) (noting that Federal Rule of Civil Procedure 8(c) does not specify the consequence for a litigant's failure to include an affirmative defense in an answer).

Here, the Defendants have not shown diligence in seeking leave to file their amended answers to add the affirmative defense of sovereign immunity. They filed their original Answers and Affirmative Defenses nearly two years ago on September 2, 2014, Discovery closed nearly six months ago on December 28, 2015, and trial is less than three months from now on September 12, 2016. Though the Court understands Defendants' current counsel was assigned to this case only recently (March 22, 2016) and while the Court assigns no fault to current counsel, the Court cannot excuse such an untimely attempt to raise a rather significant affirmative defense for that reason. During the many months this case proceeded through the motion to dismiss stage, discovery, extensions of discovery, extensions to the Final Pretrial Conference and jury trial dates, and settlement negotiations, ample opportunity presented itself for the Defendants to seek leave to file amended answers raising the affirmative defense of sovereign

immunity. The Defendants have not established diligence in seeking to amend their Answers and so they have not shown good cause.

The Defendants' attempt to argue away prejudice to the Plaintiff if their Motion to Amend is granted falls short. The aforementioned delay in bringing the Motion to Amend and the current stage of the proceedings clearly illustrates that the Plaintiff would suffer prejudice if the Motion were allowed.

Lastly, the authority the Defendants cite in support of their Motion to Amend suggests that the affirmative defense of sovereign immunity would not be viable in this case in any event. Though not specifically articulated in the Complaint, it appears that the Plaintiff has sued the Defendants in their personal capacities in light of the fact that he seeks money damages from them for his claims of false arrest and false imprisonment. *See Rodriguez*, 664 F.3d at 631 ("Rodriguez is not entirely clear about the capacity in which he has sued the prosecutors, but we think that his complaint is best understood as presenting a personal-capacity claim—which is the only way he could get damages from them . . . ."); *Kroll v. Bd. of Trs. of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991) (a plaintiff's victory in a personal-capacity suit is a victory only against the individual defendant and an award of damages may be executed only against that defendant official's personal assets). The *Rodriguez* court determined that there was no jurisdictional obstacle to litigating all of that suit in federal court where *individual-capacity* claims against prosecutors were not covered by the Eleventh Amendment or "the residual principle of state sovereign immunity recognized in *Hans v. La.*, 134 U.S. 1 (1890) . . . ." 664 F.3d at 632 (emphasis added).

The underlying district court opinion in *Fields v. Wharrie - Fields v. City of Chicago* - explained that sovereign immunity did not deprive that federal court of subject matter jurisdiction over the plaintiff's state law claims where, at the then-

current stage of that case his state law claims did not amount to claims against the State of Illinois.  805 F. Supp. 2d 536, 549 (N.D. Ill. 2011) (reversed in part on other grounds).  Finally, in *Woods v. Cook Cnty.*, the district court concluded that under the authority of *Rodriguez* and *Fields v. Wharrie*, the Eleventh Amendment did not apply to the plaintiff's *individual-capacity* claim against the defendant and so the *Woods* court could exercise supplemental jurisdiction over that claim.  2014 WL 340422, at *4 (emphasis added).

### III

For the reasons set forth above, the Defendants' Motion to Amend Answers and Affirmative Defenses (Doc. 37) is DENIED.

*It is so ordered.*

Entered on June 17, 2016.


s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE